UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                                      Case No. 19-CR-245

FRANCIS BURNS,

          Defendant.

## ORDER

Francis Burns is charged in a six-count superseding indictment. (ECF No. 3.) Counts one through three allege mail and wire fraud. (ECF No. 1 at 1-3.) He allegedly filed false tax returns claiming over $82 million in tax refunds to which he was not entitled. Counts four and five charge him with engaging in an unlawful monetary transaction involving property derived from criminal activity—specifically, the purchase of a home for over $750,000 and the purchase of a Mercedes Limousine for nearly $70,000. (ECF No. 3 at 5.) Count six alleges that Burns falsely claimed "the Francis Burns Estate" was owed a federal tax refund of $132,814. (ECF No. 1 at 4.)

Financial information Burns provided to the court indicated he was indigent. Therefore, counsel was appointed to represent him. Appointed counsel filed a notice of

appearance on January 4, 2021. (ECF No. 7.) The following day, counsel filed a motion to withdraw. (ECF No. 10.) A hearing was held before this court on January 28, 2021. Burns stated that communication with his lawyer had broken down. Counsel stated that the extent of his communication with Burns was a one-minute telephone call that ended when Burns received another call. When asked if he would like new counsel appointed, Burns stated that he would be seeking his own counsel. When asked if this meant that he would be hiring his own attorney, Burns indicated it did not. Apparently, Burns wished to identify the attorney he wanted to represent him and then have the court appoint that person. The court explained that defendants who are unable to afford counsel do not enjoy the right to counsel of their choice. The court stated it would not continue to appoint attorneys until Burns found someone with which he was satisfied. The court reminded Burns that he was required to work with and cooperate with whomever the court appointed to represent him. With these admonitions, the court granted counsel's motion to withdraw.

Successor counsel was immediately appointed, and Attorney Robert LeBell filed his notice of appearance the next day. (ECF No. 15.) Three business days later, Attorney LeBell moved to withdraw. (ECF No. 18.) On February 11, 2021, the court held a hearing on Attorney LeBell's motion to withdraw. Burns stated that he wished to have Attorney LeBell withdraw because "once again, the communication broke down." Again, the communication was minimal, consisting of one or two brief phone calls and a couple of

2

Case 2:19-cr-00245-LA    Filed 03/05/21    Page 2 of 8    Document 26

emails. None of the communications were about the case, but rather related only to Attorney LeBell's experience, which is substantial, covering nearly half a century.

Burns's explanation as to in what way the communication broke down was vague and evasive. He explained only, "We were unable to find an accord." Burns explained that the attorneys the Federal Defender has appointed "do not seem to be in conjunction with this complex tax issue." Burns stated that, when an attorney is appointed, he does his own "due diligence in identifying their history" and has determined that the attorneys appointed "do not meet the criteria for a complex tax case." However, he did not elaborate as to what his "criteria" were other than to restate that an attorney's qualifications are determined by their experience. He explained that he would accept "any lawyer that is willing to protect all the rights, the constitutional rights." He stated that it was his view that a lawyer cannot represent a client unless that lawyer has experience in the issues that the client is dealing with.

When asked if this was really about Burns wanting to represent himself, Burns responded, "I'd like to seek competent counsel." The court explained that he has that in Attorney LeBell (and had it with prior counsel, as well). If Burns is not satisfied with the two attorneys he has been provided, it is unlikely he will be satisfied with any attorney the court might appoint for him. Thus, the court asked if Burns wished to be represented by counsel, in which case it would be Attorney LeBell, or if he wished to represent himself. Burns responded that he wished to continue to seek "competent counsel." The

3

court explained that Burns was free to hire his own attorney but it was not going to grant Attorney LeBell's motion to withdraw and appoint yet another successor counsel. The court explained that this meant that Burns was going to have to work with Attorney LeBell, to which Burns responded that he did not want Attorney LeBell to represent him. The court gave Burns two weeks to either hire a lawyer or, if unsuccessful, decide whether he wished to continue with Attorney LeBell as his attorney or if he wished to represent himself.

On March 5, 2021, the court held a follow-up hearing regarding Attorney LeBell's motion to withdraw. Burns stated that he had not hired counsel and did not wish to have Attorney LeBell represent him. He stated that he did not need an attorney and confirmed that he had decided to represent himself. The court undertook a lengthy colloquy with Burns to both apprise him of the risks of self-representation and to assess the voluntariness of his decision to waive his right to counsel. *See United States v. Todd*, 424 F.3d 525, 531 (7th Cir. 2005); *United States v. Sandles*, 23 F.3d 1121, 1126 (7th Cir. 1994); Benchbook for U.S. District Court Judges § 1.02 C. (6th ed. 2013).

The Sixth Amendment affords a criminal defendant the right to the appointment of counsel if the defendant is too poor to retain counsel on his own. *Gideon v. Wainwright*, 372 U.S. 335, 348, 83 S. Ct. 792, 798 (1963). An indigent defendant, however, is not entitled to the appointment of counsel of his choice. *Caplin & Drysdale v. United States*, 491 U.S.

4

617, 624, 109 S. Ct. 2646, 2652 (1989); *United States v. Alden*, 527 F.3d 653, 660 (7th Cir. 2008).

"A person accused of crime, however, may choose to forgo representation." *Iowa v. Tovar*, 541 U.S. 77, 87, 124 S. Ct. 1379, 1387 (2004); *Faretta v. California*, 422 U.S. 806 (1975). As with the waiver of any constitutional right, the waiver of the right to counsel "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975). This means that the defendant "must be warned specifically of the hazards ahead" should he waive his right to counsel. *Iowa v. Tovar*, 541 U.S. 77, 88-89, 124 S. Ct. 1379, 1387 (2004).

"[A] defendant can waive his right to counsel through conduct as well as words." *United States v. Oreye*, 263 F.3d 669, 670 (7th Cir. 2001). Thus, "a defendant who is warned that if he fires his lawyer he'll have to represent himself will, if he does fire the lawyer, be deemed by doing so to have chosen to represent himself." *Brooks v. McCaughtry*, 380 F.3d 1009, 1011 (7th Cir. 2004) (citing *United States v. Oreye*, 263 F.3d 669, 670-71 (7th Cir. 2001); *United States v. Irorere*, 228 F.3d 816, 827 (7th Cir. 2000)); *see also United States v. Thomas*, 833 F.3d 785, 792 (7th Cir. 2016); *United States v. Volpentesta*, 727 F.3d 666, 676 (7th Cir. 2013) ("where a defendant repeatedly complains of his appointed counsel the district judge may give him an ultimatum to either work with his attorneys or represent

himself"); *United States v. Alden*, 527 F.3d 653, 661 (7th Cir. 2008); *United States v. Traeger*, 289 F.3d 461, 475 (7th Cir. 2002) ("Because representation by counsel and self-representation are mutually exclusive entitlements, the assertion of one right constitutes a *de facto* waiver of the other."); *United States v. Tepoel*, 317 F. App'x 549, 552 (7th Cir. 2009).

It is apparent from Burns's filings in this and other related cases, *see United States of America v. Certain Real Property commonly known as 4512 South Drexel Boulevard Chicago Illinois*, 18-cv-01290-JPS (E.D. Wis.); *Burns v. Internal Revenue Service*, 19-cv-00590-PP (E.D. Wis.), that his view and understanding of the law is, to put it mildly, incorrect. But his filings also suggest that he personally believes he has an extremely sophisticated understanding of the law, so much so that, as part of the bond study in this action, when asked to identify his employment he described himself as a "paralegal researcher and trust attorney." (ECF No. 17 at 2.) He is not an attorney, and his bond study does not reflect any legal training; in fact, he has not graduated from high school or earned a GED. He confirmed as much at the March 5, 2021 hearing, but he again reiterated his view that he has a sophisticated understanding of the law through his own research.

His filings and statements in court bear certain hallmarks of sovereign citizen ideology, *see, e.g., Bey v. Indiana*, 847 F.3d 559 (7th Cir. 2017) (describing sovereign citizen ideology); *United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015) (discussing defendants with similar sovereign citizen views who were convicted of similar crimes with which Burns is charged); Case No. 18-cv-1290, ECF No. 20 at 2 (noting that Burns's filings reflect

sovereign citizen views), although they are not coherent in this respect. But the fact that there is reason to believe that Burns subscribes to this frivolous and discredited legal theory does not mean that Burns is incompetent to represent himself or incompetent to stand trial. *United States v. Anzaldi*, 800 F.3d 872, 878 (7th Cir. 2015).

Burns has demonstrated that he is competent to waive his right to counsel and, based on the lengthy discussion with the court, Burns has done so voluntarily, knowingly, and intelligently. Therefore, the court will grant Attorney LeBell's motion to withdraw as counsel for Burns.

Even when a defendant waives his right to counsel, the Court of Appeals for the Seventh Circuit has urged district courts to appoint shadow counsel, also referred to as standby counsel, to be available to assist a pro se defendant. *United States v. Irorere*, 228 F.3d 816, 828 n.2 (7th Cir. 2000). "Such an action not only ensures the availability of counsel to defendants who decide that proceeding without the assistance of counsel is not in their best interest, but also avoids the potential for delay created by untimely assertions of the right to counsel." *Id.* Therefore, pursuant to *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984); and *United States v. Maya-Gomez*, 860 F.2d. 706, 740 (7th Cir. 1988), the court will exercise its inherent power to appoint stand-by counsel to protect the integrity and ensure the continuity of these judicial proceedings. The court will appoint Attorney LeBell as standby counsel.

7

Case 2:19-cr-00245-LA    Filed 03/05/21    Page 7 of 8    Document 26

Based on Burns's expressed decision to waive his right to counsel, standby counsel shall be compensated in the capacity of an "expert or consultant" pursuant to 5 U.S.C. § 3109(b). Counsel shall be compensated in accordance with hourly CJA rates, however, currently set at $155/hour. The court sets the maximum compensation, subject to final approval by the assigned district judge, at $6,500. This appointment is made regardless of the defendant's financial ability to obtain adequate counsel.

**IT IS THEREFORE ORDERED** that Attorney LeBell's motion to withdraw (ECF No. 18) is **granted**.

**IT IS FURTHER ORDERED** that Attorney LeBell is appointed standby counsel pursuant to 5 U.S.C. § 3109(b).

Dated at Milwaukee, Wisconsin this 5th day of March, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

8
Case 2:19-cr-00245-LA   Filed 03/05/21   Page 8 of 8   Document 26