UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

  v.                                  Case No. 19-CR-245

FRANCIS BURNS,

          Defendant.

## ORDER

Francis Burns is charged in a six-count superseding indictment. (ECF No. 3.) Counts one through three allege mail and wire fraud. (ECF No. 1 at 1-3.) He allegedly filed false tax returns claiming over $82 million in tax refunds to which he was not entitled. Counts four and five charge him with engaging in an unlawful monetary transaction involving property derived from criminal activity—specifically, the purchase of a home for over $750,000 and the purchase of a Mercedes Limousine for nearly $70,000. (ECF No. 3 at 5.) Count six alleges that Burns falsely claimed "the Francis Burns Estate" was owed a federal tax refund of $132,814. (ECF No. 1 at 4.)

On March 5, 2021, Burns waived his right to counsel and chose to represent himself in this matter. The court appointed Attorney Robert LeBell as standby counsel. (ECF No.

26); *see also Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S. Ct. 2525, 2541 (1975); *United States v. Irorere*, 228 F.3d 816, 828 n.2 (7th Cir. 2000). Attorney LeBell asks for clarification as to the role of standby counsel. (ECF No. 27.)

Attorney LeBell's role is inactive and passive. *See* New York State Bar Association Ethics Opinion 94 (Dec. 17, 2012) available at https://nysba.org/ethics-opinion-949/ (last visited March 9, 2021). In this regard, Attorney LeBell's ethical obligations are limited to those owed to a prospective client under Wis. SCR 20:1.18, and, to the extent that an attorney-client relationship was formed as a result of his having been previously appointed to represent him, a former client under Wis. SCR 20:1.9.

Standby counsel does not constitute hybrid representation. Accordingly, Attorney LeBell shall not provide legal advice to Burns. Attorney LeBell, however, may answer Burns's procedural questions. For example, Attorney LeBell may not advise Burns as to whether subpoenaing a particular witness is a wise trial strategy but, if requested, may instruct Burns as to the procedure of subpoenaing a witness. Attorney LeBell will have no role whatsoever in assisting Burns unless Burns explicitly requests Attorney LeBell's help.

Consistent with the guidance set forth in the New Hampshire Bar Association's "Ethical Obligations of Stand-By Counsel," Ethics Committee Advisory Opinion #2015-16/09, available at https://nhba.s3.amazonaws.com/wp-content/uploads/2019/11/14142644/2015-16-09-REFORMATTED-Ethical-Obligations-of-Stand-By-Counsel.pdf

(last visited March 9, 2021); *see also* State Bar of Wisconsin, Inside Track, *Ethical Dilemmas: Ethical Responsibilities of Stand-by Counsel* (Apr. 20, 2016) available at https://www.wisbar.org/NewsPublications/InsideTrack/Pages/Article.aspx?Volume=8&Issue=8&ArticleID=24781 (last visited March 9, 2021), the court now orders that Attorney LeBell shall have **no obligation** to:

- Assist in any investigation;

- Identify or prioritize those issues on which Burns should focus his attention;

- Develop a full understanding of the prosecution's records, documents, reports and other investigations;

- Attend pre-trial hearings and conferences;

- Assist in specific areas or aspects of the case (e.g., discovery), given the facts of the case;

- Undertake research and render advice about specific areas of the law applicable to the case;

- Interview, research or develop knowledge about witnesses, and/or assist Burns in locating witnesses helpful to the defense, including expert witnesses;

- Generally communicate with Burns to offer assistance versus responding to requests for assistance, only; or

- Bring to the attention of Burns matters beneficial to him.

Attorney LeBell **may**, if explicitly requested by Burns:

- consult with Burns regarding discovery review;

- inform Burns as to the procedure for locating fact and/or expert witnesses;

- inform Burns of the procedure for issuing subpoenas;

- inform Burns about the application of procedural rules and sentencing guidelines;
- inform Burns about procedures for obtaining expert witnesses and/or private investigators.

If an instance should arise where Burns believes Attorney LeBell's has declined to provide assistance that is properly within the scope of Attorney LeBell's responsibilities as standby counsel, Burns must promptly advise the court so it may resolve the dispute.

Burns alone is responsible for the preparation and presentation of his defense. Attorney LeBell is not an advocate, and will play no advocacy role in hearings, pleadings, or at trial. Burns is solely responsible for developing a trial strategy; conducting any evidentiary hearings; filing any pre-trial motions or motions in limine; responding to government motions and demands; conducting the trial; examining witnesses; conducting voir dire; making any opening statement and closing argument; interviewing and locating witnesses; conducting pre-trial investigation; conducting negotiations and/or discussions with counsel for the government; reviewing discovery; providing required statutory notices; and complying with any deadlines.

Although one role of standby counsel is to be available to take over the defense should the pro se defendant no longer wish to represent himself, the court may not allow a defendant to reassert his right to counsel if doing so would disrupt a scheduled trial.

Therefore, should Burns decide to proceed by counsel, he must do so promptly.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 9th day of March, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge